### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRUCE CAMERON DAVIDSON,  )<br>399 Tennessee Avenue )<br>Alexandria, VA 22305, )<br>   )<br>   Plaintiff, )<br>   )<br>v.   )<br>   )<br>PEABODY THEOHARIS MANAGEMENT, )<br>2120 16th Street NW )<br>Washington, DC 20009; )<br>   )<br>MALCOLM E. PEABODY, )<br>2811 Dumbarton St., NW )<br>Washington, DC 20007; )<br>   )<br>JOHN C. THEOHARIS, )<br>4833 Drummond Ave. )<br>Chevy Chase, MD 20815; and )<br>   )<br>JOHN DOES 1-10, )<br>   )<br>   Defendants. )<br>_____ ) | Civil Case No. 1:20-cv-1874<br><br>**COMPLAINT AND DEMAND**<br>**FOR JURY TRIAL** |

### COMPLAINT

COMES NOW, the Plaintiff, Bruce Cameron Davidson, by counsel, for its Complaint against the Defendants, and states as follows:

### Introduction

1. This is an action for infringement of Plaintiff's federally registered copyright of a photograph under 17 U.S.C. § 501 *et seq.* and for circumvention of copyright protection systems under 17 U.S. Code § 1201 *et seq.* arising from Defendants' unauthorized alteration, copying, and use of said photograph.

**The Parties**

2. Plaintiff Bruce Cameron Davidson ("Cameron" or "Plaintiff") is a citizen of the Commonwealth of Virginia, residing in Alexandria, Virginia.

3. Defendant Peabody Theoharis Management ("PT Management"), on information and belief, is a real estate management company and manages the "Hightowers Apartments" apartment building located at 1530 16th St. NW, Washington, DC 20036, including the website (http://www.hightowersdc.com/) associated with said apartment building. PT Management has its main offices at 2120 16th St. NW, Washington, DC 20009.

4. Defendant Malcolm E. Peabody ("Peabody"), on information and belief, is a resident of the District of Columbia, and is an owner, officer, or member of PT Management.

5. Defendant John C. Theoharis ("Theoharis"), on information and belief, is a resident of Maryland, and is an owner, officer, or member of PT Management.

6. The identities of Defendants John Does 1-10 are not currently fully known to Plaintiff. Upon information and belief, John Does 1-10 are associated with PT Management and/or Hightowers Apartments and contributed, directed, and/or participated in Defendants' unlawful activities. Plaintiff will use its best efforts to fully identify these "John Does", and upon further knowledge and investigation, Plaintiff will amend its pleadings accordingly.

**Jurisdiction and Venue**

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because both causes of action involve a federal question; pursuant to 28 U.S.C. § 1338(a) because it relates to a copyright; and pursuant to 17 U.S.C. §§ 101, *et seq.*, because there is a claim for copyright infringement under the federal Copyright Act. This Court also has subject matter

jurisdiction pursuant to 28 U.S.C. § 1332 based on the controversy amount and diversity of citizenship.

8. Personal Jurisdiction over the Defendants exist in this District under the District of Columbia's long-arm statute. D.C. Code § 13-422 and § 13-423.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(a), which governs civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights. Pursuant to 28 U.S.C. § 1400, venue is proper in any district in which the defendant or his agent resides. Venue is also proper under 28 U.S.C. §1391(b), on the ground that all or a substantial part of the acts giving rise to Plaintiffs' claims occurred in the District of Columbia and on the ground that the defendant resides or has its principle place of business in the District of Columbia.

**Factual Background**

10. Cameron is an experienced, award-winning professional photographer specializing in aerial, landscape, panoramic, and nature photography. Since 1980, Cameron has regularly worked for a variety of advertising and editorial clients throughout the world, including, but not limited to: Discovery Communications, National Geographic, Smithsonian, WIRED, ESPN The Magazine, General Dynamics, General Motors, Jeep-Chrysler, Virginia Living, Visit Alexandria, Virginia Tourism, and the Washington Post.

11. Cameron is the author and owner of all photographs taken by him.

12. On October 20, 2003, Cameron captured and edited an aerial photograph of Dupont Circle in Washington, D.C., which he titled "CD_2003_1020_0244" or "Aerial photograph of Dupont Circle in Washington DC" (hereinfor the "Photograph"). Exhibit 1.

13. Cameron captured the Photograph using great technical and creative skill, as well as significant time and energy. In addition to designing the shot, preparing the site, and photographic editing, the photoshoot required the chartering of a helicopter and its preparation for aerial photography, as well as Federal Aviation Administration (FAA) permits and waivers for a flight in a prohibited zone. Since 9/11, the airspace around Washington D.C. is more restricted than in any other part of the country. The FAA has declared this area a Flight Restricted Zone, allowing aircraft operations only to those with specific FAA and Transportation Security Administration (TSA) authorization.

14. Cameron registered the Photograph, together with other aerial photographs of Dupont Circle taken during the same photoshoot, with the United States Copyright Office on July 29, 2014, as part of a compilation titled "Aerial Photographs November 2003 - June 6, 2014" (Registration No. VAu001254965). A true copy of the copyright registration is attached hereto as Exhibit 2.

15. Cameron published the Photograph on AerialStock.com. AerialStock.com displays a collection of aerial photographs by Cameron that are available for evaluation and licensing. The collection includes the Photograph and many of the other aerial photographs of Dupont Circle, and has been featured on AerialStock.com at various past times. The photograph is currently posted to the following URL: https://www.aerialstock.com/-/galleries/cities-urban/washington-dc/-/medias/52b1e02c-f1fb-4923-ae13-217363ab6d35-aerial-photograph-of-dupont-circle-in-washington-dc (last visited June 27, 2020) ("AerialStock Post"). The AerialStock Post included Cameron's copyright notice and signature, "© Cameron Davidson," attached to the bottom center of the Photograph. Exhibit 3.

16. As the owner of the copyright in the Photograph, Cameron has the exclusive right to, among other things, reproduce the Photograph in copies and prepare derivative works based upon the Photograph. 17 U.S.C. § 106.

17. Defendants manage the "Hightowers Apartments" apartment building located at 1530 16th St. NW, Washington, DC 20036. Among other things, Defendants maintain a website (http://www.hightowersdc.com/) to advertise the apartment building, to manage online applications, and to provide residents web access (the "hightowersdc" website).

18. On or about May 27, 2019, Cameron first became aware that the Defendants were using the Photograph in the hightowersdc website. In particular, a cropped and edited version of the Photograph was hosted on the hightowersdc website at the following URLs: http://www.hightowersdc.com/ (Exhibit 4) and http://www.hightowersdc.com/wp-content/uploads/sites/911/2017/12/hightower-home-neighborhood.png (Exhibit 5). The Photograph, as used in Exhibits 4 and 5, was cropped and edited to both change its size and to remove all copyright notice information. The Photograph was still publicly available at least at the second URL as of June 27, 2020.

19. On information and belief, Defendants copied, edited, and uploaded the Photograph to various websites without authorization, and Defendants specifically edited the Photograph to remove all copyright notice information from the Photograph.

20. On information and belief, Defendants have hosted and displayed the cropped and edited version of the Photograph for years on their various websites, and continue to display and make available to the public the unauthorized and edited copies of the Photograph, at least as of June 27, 2020.

21. On information and belief, Defendants have facilitated the infringement of the Photograph by third parties by hosting unauthorized publicly available copies of the Photograph in various websites and databases.

22. Defendants edited and reproduced the Photograph in at least the above-detailed instances without permission or license from Cameron or Cameron's authorized agent. Cameron has never authorized Defendants to use, reproduce, or create derivative works of the Photograph in any respect, much less authorized the removal of any copyright notice information.

23. Thereafter, Cameron retained counsel in order to secure compensation for Defendants' infringement of the Photograph. On June 20, 2019, Cameron's counsel first sent Defendants a cease and desist letter demanding that Defendants cease their use of the Photograph and compensate Cameron for the unauthorized copying, editing, and use of the Photograph. Follow-up letters were sent to Defendants on July 31, 2019, and November 6, 2019.

24. Despite Cameron's ongoing, good faith efforts to resolve this dispute and secure fair compensation for the copyright infringement of the Photograph, Defendants have refused to communicate with Cameron's counsel, much less remit any payment for Defendants' unauthorized use of Cameron's federally registered copyrighted Photograph. Moreover, Defendants have continued to display the Photograph without any authorization a year after receiving the initial cease and desist letter.

### Count I: Copyright Infringement under 17 U.S.C. § 101, et seq.

25. Cameron realleges and incorporates by reference paragraphs 1-24, above.

26. Defendants have infringed Cameron's exclusive rights in his copyrighted work in violation of 17 U.S.C. § 106 and 17 U.S.C. § 501.

27.     Upon information and belief, Defendants, without any permission or authorization, have used the Photograph throughout their online presence to market their services as if such works belonged to the Defendants.

28.     At no time have Defendants had Cameron's permission or authorization to use, copy, or modified the Photograph for any purpose.

29.     Defendants' acts of infringement were willful, and, as a result of Defendants' willful infringement of Cameron's exclusive rights under copyright, Cameron has suffered damages.

30.     Cameron is entitled to actual or statutory damages pursuant to 17 U.S.C. § 504.

31.     Cameron may also be entitled to recover costs pursuant to 17 U.S.C. § 505.

## **Count II: Removal and Alteration of Integrity of Copyright Management Information under 17 U.S.C. § 1202**

32.     Cameron realleges and incorporates by reference paragraphs 1-31, above.

33.     Upon information and belief, Defendants, without Cameron's permission or consent, knowingly and with the intent to conceal infringement, intentionally removed the copyright management information from the Photograph before using it on their websites.

34.     In doing so, Defendants violated 17 U.S.C. § 1202.

35.     As a result of Defendants' actions, Cameron suffered damages.

36.     Cameron is entitled to actual or statutory damages pursuant to 17 U.S.C. § 1203.

37.     Cameron may also be entitled to recover his attorneys' fees and costs pursuant to 17 U.S.C. § 1203.

**Request for Relief**

**Wherefore**, in consideration of the foregoing, Cameron respectfully requests that this Court:

1. Find that the Defendants' unauthorized conduct violated Cameron's rights under the Federal Copyright Act, including 17 U.S.C §§ 106 and 501 and 17 U.S.C. § 1202;

2. Enjoin the Defendants, and all their agents, employees, and all other persons in active concert or participation with them from infringing on any copyright of Cameron, and from copying, exhibiting, transmitting, displaying, distributing, using, or preparing derivative works from the Photograph;

3. Award Cameron all damages he suffered as a result of Defendants' copyright infringement to the fullest extent allowed by law, including:

    a. ordering the Defendants to account for all gains, profits, and advantages derived by Defendants from their infringement of Cameron's copyright and award such actual damages as are proper pursuant to 17 U.S.C. § 504(b) and 17 U.S.C. § 1203(c)(2);

    b. that, should Cameron elect to instead obtain statutory damages pursuant to 17 U.S.C. § 504(c), Cameron be granted statutory damages against the Defendants in the amount of $150,000.00 for each separate instance of copyright infringement;

    c. that, should Cameron elect to instead also obtain statutory damages pursuant to 17 U.S.C. § 1203(c)(3), Cameron be granted statutory damages against the Defendants in the amount of $25,000.00 for each violation of 17 U.S.C. § 1202;

d. award Cameron attorney's fees and costs to the fullest extent allowed by law, including pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203(b);

e. award Cameron all pre- and post- judgement interest to the fullest extent allowed by law; and

f. award Cameron all other relief this Court deems just, equitable, and proper.

## Jury Trial Demand

Plaintiff demands a trial by jury pursuant to Federal Rule of Civil Procedure No. 38 and Local Civil Rule No. 38.

Dated: __07/08/2020_____  Respectfully submitted,

/Manuel Cordovez/
Manuel Cordovez
D.C. Bar No. 500368
Creativity IP PLLC
950 North Washington Street
Alexandria, VA 22314
Phone: (804) 876-2195
Fax: (804)-597-6398
Manuel.Cordovez@CreativityIP.com

*Attorney for Plaintiff*